SENTELLE, Circuit Judge,
concurring.
I join without reservation the majority’s disposition of the sentencing issues as set forth in Part II.B. of the majority opinion. I write separately as to the merits disposition expressed in Part H.A., not because I consider the majority’s opinion to be in error, but to express my concern about what appears to me to be a confused area of constitutional law. I wholly agree with appellant’s argument that
Title 18 U.S.C. § 2252A(a)(5)(B) is unconstitutional as applied to Sullivan because the statute exceeds Congress’ authority pursuant to the Commerce Clause. In [United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) ], the Supreme Court identified three areas that Congress could regulate pursuant to the Commerce Clause: 1) the channels of interstate commerce; 2) the instrumentalities of interstate commerce; and 3) conduct that substantially affects interstate commerce. 514 U.S. at 558-59, 115 S.Ct. 1624. As case authority shows, the conduct regulated here — possession—is a purely intrastate activity, and therefore if it may be regulated at all, it can be regulated only pursuant to the third Lopez category .... Congress cannot regulate Sullivan’s conduct pursuant to the third Lopez category because the conduct did not substantially affect interstate commerce.
Appellant’s Br. at 11-12. I would, therefore, vote to reverse appellant’s conviction *897 were it not for the intervening Supreme Court decision in Gonzales v. Raich, 545 U.S. 1, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005). With some reluctance, I join the majority’s decision that the latest Supreme Court opinion compels affirmance of this conviction. But my reluctance arises from the apparent inconsistency of Raich with Lopez.
As appellant’s argument properly points out, Lopez limited the reach of the Commerce Clause to three categories. The first two are plainly not implicated by appellant’s conduct. Therefore, for the federal government to constitutionally regulate that conduct, it must fall within the category of “activities having a substantial relationship to interstate commerce ... ie., those activities that substantially affect interstate commerce .... ” Lopez, 514 U.S. at 558-59, 115 S.Ct. 1624 (citations omitted). I am at a loss as to how purely intrastate possession of a product that has previously traveled interstate substantially affects interstate commerce. In analyzing the constitutionality of regulation under category three, the Supreme Court in Lopez undertook a further analysis which, in the absence of the Raich opinion, would govern our adjudication of the question before us. See id., 514 U.S. at 559-65, 115 S.Ct. 1624. That analysis generally covers the following three elements:
— the regulation controls a commercial activity, or an activity necessary to the regulation of some commercial activity;
— the statute includes a jurisdictional nexus requirement to ensure that each regulated instance of the activity affects interstate commerce; and
— the rationale offered to support the constitutionality of the statute (ie., statutory findings, legislative history, arguments of counsel, or a reviewing court’s own attribution of purposes to the statute beihg challenged) has a logical stopping point, so that the rationale is not so broad as to regulate on a similar basis all human endeavors, especially those traditionally regulated by the states.[1]
It is not at all plain to me that the present conduct falls within any of the three analytical elements. First, it is not clear that regulation of purely intrastate possession of a product is necessary to the regulation of the commercial activity which Congress seeks to regulate. Second, there is no relevant jurisdictional section. Third, if the purely intrastate and noncommercial possession of a product is regulable simply because some of the product may have previously passed in interstate commerce, then I see no stopping point.
In the end, however, I cannot fault the majority’s application of the later decision in Raich. I can,- however, hope that the High Court in some further decision gives us some better method of reconciling its holdings on the extent of congressional power under the Interstate Commerce Clause.

. This specific formulation of the inquiries necessary under category (3) is drawn from United States v. Wall, 92 F.3d 1444, 1455-56 (6th Cir.1996) (Boggs, J., dissenting in part). However, each of the points summarized in Judge Boggs’s formulation is taken directly from Lopez, 514 U.S. at 559-65, 115 S.Ct. 1624. See also Nat’l Ass’n of Home Builders v. Babbitt, 130 F.3d 1041, 1064 (D.C.Cir.1997) (Sentelle, J., dissenting).